UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VONDELLE M. OVER,

        Plaintiff,

        v.                              Case No. 24-cv-578

SARAH ENGLISH, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Vondelle Over, who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim in connection with allegations that Dr. Sarah English, Nurse Ashley Haseleu, and Dr. Laura Sukowaty failed to provide adequate medical care for his chronic right leg pain and chronic left arm pain since August 2019. Dkt. Nos. 1 & 7. On November 6, 2024, Defendants filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies. Dkt. No. 15. For the reasons explained below, the Court will grant Defendants' motion and will dismiss from this case Plaintiff's claim regarding the failure to treat his chronic right leg pain as well as any claim arising before 2022. The only remaining claim is the claim that Dr. Sukowaty, Nurse Haseleu, and Dr. English failed to treat his chronic left arm pain since 2022.

## PRELIMINARY MATTERS

Before turning to the substance of Defendants' motion for summary judgment, the Court must address the fact that Plaintiff failed to comply with the Court's summary judgment procedures. *See* Civ. L. R. 56 (E.D. Wis.). Pursuant to the civil local rules, a party opposing a

motion for summary judgment must file a response to the moving party's statement of undisputed facts which is intended to make clear which, if any, of those facts are in dispute, and to set forth any additional facts that bear on the motion. *See* Civ. L. R. 56(b)(2). The opposing party's response must reproduce each numbered paragraph of the moving party's statement of facts followed by a response to each paragraph. *See* Civ. L. R. 56(b)(2)(B). If the fact is disputed, the party must include a specific reference to an affidavit, declaration, or other part of the record that supports the claim that a genuine dispute exists as to the fact stated by the moving party. *Id.* If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion. *See* Civ. L. R. 56(b)(2)(B)(ii).

On November 6, 2024, Defendants reproduced Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 in their motion for summary judgment, as required by the civil local rules. *See* Dkt. No. 15. The following day, on November 7, 2024, the Court entered a Notice and Order informing Plaintiff that he "must support every disagreement with a proposed fact by citing to evidence." Dkt. No. 19 at 1. The Court warned that "failure to comply with the requirements of Civil L. R. 56 may result in sanctions up to and including the Court granting Defendants' motion." *Id.* at 2. Plaintiff submitted response materials on January 28, 2025, but he did not respond to Defendants' proposed facts as required by the civil local rules. *See* Dkt. Nos. 24 & 25. Therefore, the Court will consider Defendants' proposed findings of fact undisputed. *See Schmidt v. Eagle Waste & Recycling Inc.*, 599 F.3d 626 (7th Cir. 2010) noting that the Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions."); see *Phoneprasith v. Greff*, No. 21-3069, 2022 WL

1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civ. L. R. 56(b)(4)); *see also Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

**UNDISPUTED FACTS**

In this lawsuit, Plaintiff alleges that Dr. English, Nurse Haseleu, and Dr. Sukowaty failed to provide adequate medical care for his chronic right leg pain and chronic left arm pain since August 2019. Dkt. Nos. 1 & 7. Plaintiff filed 21 inmate complaints about his medical care since 2019. Dkt. No. 18-1. Only three inmate complaints are relevant to the issues in this case. Dkt. Nos. 18-5, 18-6, & 18-7.

On June 8, 2022, Plaintiff filed inmate complaint WCI-2022-9141, alleging that Dr. Sukowaty was refusing to treat his chronic pain "for over 2 ½ months now." Dkt. No. 18-5 at 9. The Institution Complaint Examiner (ICE) recommended dismissing the inmate complaint on the merits because Plaintiff's medical records showed that his chronic pain was actively being treated (not ignored); and Plaintiff could not get the prescription pain medication he wanted because he had diverted/misused prescription pain medications in the past. *Id*. at 2. The Reviewing Authority (RA) agreed with the ICE's recommendation and dismissed the complaint on the merits on July 5, 2022. *Id*. at 4. Plaintiff did not appeal the RA's decision to the Corrections Complaint Examiner (CCE). Dkt. No. 18, ¶18.

About two months later, on August 27, 2022, Plaintiff filed inmate complaint WCI-2022-13077, alleging that Dr. Sukowaty refused to provide medical care for his "chronic right leg and arm nerve damage." Dkt. No. 18-6 at 8. The ICE "rejected" this inmate complaint on September 1, 2022 because it involved an issue that was previously addressed by inmate complaint WCI-

2022-9141. *Id*. at 2. Plaintiff appealed to the RA, who agreed with the ICE's rejection and dismissed the complaint. *Id*. at 5 & 10.

About two years later, on January 26, 2024, Plaintiff filed inmate complaint WCI-2024-1421, alleging that the "WCI medical team" was deliberately indifferent to "this 1 medical issue [that] dates back into the year of 2022" relating to a "mass inside my left upper extremity." Dkt. No. 18-7 at 11. On February 12, 2024, the ICE recommended dismissing the inmate complaint on the merits because Plaintiff's medical records showed that he was actively being treated (not ignored); and that his own conduct (refusing to complete a scheduled mammogram) hindered diagnosis and treatment of the mass on his upper extremity. *Id.* at 2. Plaintiff appealed this inmate complaint through the appropriate channels all the way to Office of the Secretary (OOS). Dkt. No. 18, ¶¶24-26.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly

4

Case 2:24-cv-00578-SCD    Filed 05/22/25    Page 4 of 9    Document 28

entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Id.* (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to raise inmate complaints in connection with employee actions that personally affect the inmate or the institution environment. Wis. Admin. Code §DOC 310.06(1). An inmate is required to exhaust "all administrative remedies the department has promulgated by rule" before commencing a civil action. §DOC 310.05. Under the ICRS, an inmate must file a complaint with the ICE within 14 days of the relevant occurrence. §DOC 310.07(2). "A complaint must contain sufficient information for the department to investigate and decide the complaint." §DOC 310.07(6). The inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. The inmate complaint

must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)).

The ICE may "reject" an inmate complaint for a variety of procedural reasons, including "the issue has already been addressed through the inmate's prior use of the ICRS." §DOC 310.10(6)(g). An inmate may then appeal a rejected inmate complaint to the RA within 10 calendar days; and the RA's decision with respect to a "rejected" inmate complaint is final. §DOC 310.10(10). An inmate complaint that is properly "rejected" based on a procedural defect does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is true because "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). If noncompliance with the procedural rules "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id*. Indeed, the prisoner would be able to file deficient inmate complaints then proceed directly to federal court, wholly bypassing the institution's review of the merits. *Id*.

The ICE may also recommend that an inmate complaint be "dismissed" on the merits. §DOC 310.10(12). An inmate complaint that is dismissed on the merits may be appealed to the CCE within 14 days after the date of the RA's decision. §DOC 310.09(1). "For all accepted appeals, the CCE shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." §DOC 310.12(9). The Secretary shall make a decision within 45 days following receipt of the CCE's recommendation and that decision is final. §DOC 310.13(1)-(3).

Based on the undisputed facts, it is clear that Plaintiff did not file <u>any</u> inmate complaints raising the issue of improper medical care for his chronic right leg pain and/or chronic left arm pain prior to 2022. Plaintiff filed inmate complaint WCI-2022-9141 in June 2022 and complained that Dr. Sukowaty had been refusing to treat his chronic pain "for over 2 ½ months now." Dkt. No. 18-5 at 9. Plaintiff filed inmate complaint WCI-2024-1421 in January 2024 and complained that all three individuals ignored his chronic left arm pain "back into the year of 2022." Dkt. No. 18-7 at 11. Based on these inmate complaints, the institution would not have had notice or opportunity to investigate any issues involving Plaintiff's chronic right leg pain and/or chronic left arm pain from before 2022. Therefore, the Court will dismiss without prejudice all claims arising before 2022.

Defendants also ask the Court to dismiss Plaintiff's claim regarding Dr. English and Nurse Haseleu's alleged failure to treat his chronic right leg pain. Dkt. No. 16. Defendants argue that both inmate complaints raising the issue—WCI-2022-9141 and WCI-2022-13077—mentioned only Dr. Sukowaty by name, so the institution would not have had notice or opportunity to investigate Dr. English and Nurse Haseleu's roles in treating the condition. *Id*. at 7 & 8. But an inmate need not specifically name individuals in an inmate complaint to put the institution on notice of the claim. *See Jones v. Bock*, 549 U.S. 199, 218–19 (2007). Here, Plaintiff generally raised the issue of the failure to treat his chronic right leg pain since 2022; thus, the institution had notice to investigate all individuals who provided treatment regarding that condition during that relevant time period. To the extent the institution chose not to investigate all involved individuals, that was their own decision. But that does not mean that they lacked notice of or opportunity to investigate the claim.

7

Case 2:24-cv-00578-SCD   Filed 05/22/25   Page 7 of 9   Document 28

Instead, the Court will dismiss Plaintiff's claim regarding the failure to treat his chronic right leg pain for a different reason—because neither inmate complaint raising the issue was fully exhausted. With respect to WCI-2022-9141, Plaintiff never appealed that inmate complaint to the CCE, as required by §DOC 310.09(1), so Plaintiff did not <u>complete</u> the exhaustion process on that inmate complaint as required by §DOC 310.05. With respect to WCI-2022-13077, that inmate complaint was properly "rejected" on procedural grounds under §DOC 310.10(6)(g); and a properly rejected inmate complaint does not satisfy the exhaustion requirement. *See Conyers* 416 F.3d at 584. Thus, Plaintiff did not exhaust his claim regarding the failure to treat his chronic right leg pain with respect to Dr. Sukowaty, Nurse Haseleu, or Dr. English; and the entirety of that claim will be dismissed from this case without prejudice.

Plaintiff's main argument in response is that Defendants did not attach to their motion all 21 inmate complaints he filed regarding his medical issues since 2019. Dkt. Nos. 24 & 25. Plaintiff claims that Defendants, therefore, did not prove that there were only three relevant inmate complaints. *See id*. The Court has reviewed Plaintiff's Inmate Complaint History Report (which contains a brief description of the issue in each inmate complaint), *see* Dkt. No. 18-1, and it is satisfied that no other inmate complaints needed to be produced by Defendants to properly brief the issue in this case. Additionally, if Plaintiff believed that another inmate complaint raised the issues in this case, it was *his* responsibility to attach them to his response materials in order to oppose the motion for summary judgment. He did not do so, *see* Dkt. Nos. 24 & 25, despite the Court's warning that he should, *see* Dkt. No. 19. Indeed, Plaintiff's response materials only mentioned WCI-2022-9141 and WCI-2022-13077, both of which were already produced by Defendants and analyzed by the Court. Therefore, the Court will grant Defendants' motion for partial summary judgment and will dismiss from this case Plaintiff's claim regarding the failure to

treat his right leg pain as well as any claim arising before 2022. The only claim that remains is the claim that Dr. Sukowaty, Nurse Haseleu, and Dr. English failed to treat Plaintiff's chronic left arm pain since 2022.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' motion for partial summary judgment based on failure to exhaust administrative remedies (Dkt. No. 15) is **GRANTED.** Plaintiff's claim regarding the failure to treat his right leg pain, as well as any claim arising before 2022, are **DISMISSED** from this case without prejudice.

**IT IS FURTHER ORDERED** that Defendants may file a motion for summary judgment on the merits **within 30 days of the date of this order**.

Dated in Milwaukee, Wisconsin this 22nd day of May, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge